IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANTHONY HICKS                                                                                          PLAINTIFF

v.                                              CASE No.: 1:08-1089

PAUL LUCAS, Sheriff;
DAVID W. TALLEY, Jr.;
JOE STRICKLAND, Chief Deputy
Ouachita County Detention Facility;
DAVID NORWOOD, Captain
Ouachita County Detention Facility;
CHRIS GILL, Jailer
Ouachita County Detention Facility;
and
MARK SPEER, Jailer
Ouachita County Detention Facility                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Anthony Hicks, currently an inmate of the Arkansas Department of Corrections, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes, United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation.

Plaintiff has named in this lawsuit David W. Talley, Jr, a public defender who served as Plaintiff's counsel for a state court criminal prosecution. In his Complaint (Doc. 1), Plaintiff alleges Talley's representation of him was deficient and violates 42 U.S.C. § 1983.

Given the facts as pled by Plaintiff, Defendant Talley was acting as a public defender at all relevant times, and as such was not a state actor, and thus is not subject to Section 1983 liability. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312,

325 (1981).  Plaintiff does not allege Talley was acting other than in his traditional function as counsel at the relevant time.

Allegations that a public defender has conspired with judges or other state officials to deprive a prisoner of federally protected rights may state a claim under Section 1983.  *Tower v. Glover,* 467 U.S. 914, 923 (1984).  Allegations of conspiracy, however, must be pled with sufficient specificity and factual support to suggest a "meeting of the minds." *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir. 1983) (per curiam).  Plaintiff fails to allege any such facts and David Talley should not be named in this suit.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of September, 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE